[Civ. No. 52417. First Dist., Div. Two. May 12, 1982.]

BETTY MARTIN, Plaintiff and Appellant, v.
VILLA ROMA, INC., Defendant and Respondent.

COUNSEL

Jon P. Harward and Harward & Sullivan for Plaintiff and Appellant.

Lee C. Rosenthal and Goldfarb & Lipman for Defendant and Respondent.

OPINION

GRODIN, P. J.—Villa Roma, Inc., is a corporation formed to provide moderate and low-cost housing pursuant to section 221(d)(3) of title II of the National Housing Act (12 U.S.C. § 1701 et seq.). Its bylaws provide that when a person is terminated from membership in the corporation, the membership may be sold only to persons meeting certain eligibility requirements, and for a price which does not exceed an amount established by a formula. Appellant, whose membership was terminated through eviction, challenges these bylaws on the ground that they constitute an unreasonable restraint on alienation. She contends, in effect, that she has a property interest which she should be able to sell to whomever she likes, and at whatever price the market will bear. The trial court, in her action for declaratory relief, entered judgment declaring the challenged bylaw provisions to be valid and enforceable. We agree, and affirm.

Section 221 is "designed to assist private industry in providing housing for low and moderate income families" (12 U.S.C. § 1715*l*(a)). It

does so through the insurance of mortgages. To be eligible for insurance under section 221(d)(3) (12 U.S.C. § 1715*l*(d)(3)(iii)), the property or project must be used "as a rental or cooperative project, and low and moderate income families or displaced families shall be eligible for occupancy in accordance with such regulations and procedures as may be prescribed by the Secretary." Applicable regulations provide that a "cooperative mortgagor shall be a nonprofit cooperative ownership housing corporation approved by the Commissioner which restricts permanent occupancy of the project to the members of the corporation and which requires membership eligibility and transfers of membership in a manner approved by the Commissioner" (24 C.F.R. § 221.510(d)); and that the mortgagor "shall not permit occupancy except under an occupancy agreement or lease approved by the Commissioner" (24 C.F.R. § 221.533(a)).

Villa Roma, Inc., was incorporated May 3, 1963. Its articles of incorporation authorize it to enter into a regulatory agreement with the Federal Housing Commissioner for the purpose of obtaining mortgage insurance. The regulatory agreement provides, among other things, that "any membership shall be sold by the Mortgagor or by a member only in the manner and for the amount as provided in the By-Laws," that "occupancy by a member . . . shall be permitted only upon the execution of an Occupancy Agreement," and that no person may be approved for membership or tenancy unless that person "is a member of a low or moderate income family as defined by the Commissioner."

The bylaws provide that the authorized membership of the corporation shall consist of "80 regular memberships with a subscription price of $199.00 each," that such memberships may be sold only to persons meeting the eligibility requirements set forth in the regulatory agreement, and that the sales price shall not exceed an amount set by a formula. They provide also for termination of membership for cause, pursuant to the occupancy agreement.

On September 30, 1970, appellant entered into an occupancy agreement with respondent. The agreement states that respondent was formed for the purpose of operating a cooperative housing project with the intent that its "stockholders," called members, shall have the right to occupy the dwelling units under the terms and conditions set forth in the agreement.. Those conditions include monthly carrying charges in the amount of $149, and various terms common to apartment leases, in-

cluding division of responsibility among the parties for repairs. The agreement makes provisions for termination of membership, and eviction, upon the occurrence of certain events, including the failure of the member to make specified repairs, and upon specified notice. It states: "there exists under this Occupancy Agreement a landlord-tenant relationship," and contains a commitment by the member to abide by the bylaws and other applicable documents.

Appellant resided in her unit for approximately 10 years when respondent sought to evict her for failure to make certain repairs. Appellant responded with this action to restrain her eviction, and for a declaration that she had a real property interest in her unit which she was entitled to sell for its fair market value. The eviction issue is not before us.

■ Civil Code section 711 states: "Conditions restraining alienation, when repugnant to the interest created, are void." The trial court concluded that appellant's interest in her unit was that of a tenant, and for purposes of the question presented here, we agree. (See *Sun Terrace Manor* v. *Municipal Court* (1973) 33 Cal.App.3d 739, 744 [108 Cal. Rptr. 307]; *California Coastal Com.* v. *Quanta Investment Corp.* (1980) 113 Cal.App.3d 579, 596-597 [170 Cal.Rptr. 263].) Even if her interest were something more, however, it would not follow that the bylaw limitations were void. "The day has long since passed when the rule in California was that all restraints on alienation were unlawful under the statute; it is now the settled law in this jurisdiction that only unreasonable restraints on alienation are invalid." (*Laguna Royale Owners Assn.* v. *Darger* (1981) 119 Cal.App.3d 670, 682 [174 Cal.Rptr. 136].) The disputed bylaw provisions are clearly and directly related to the purposes for which the corporation was formed, they support rather than offend the policies of this state, and they are imposed pursuant to federal requirements which, in any event, would take precedence over state law. (Cf. *McCarty* v. *McCarty* (1981) 453 U.S. 210, 220 [69 L.Ed. 2d 589, 598, 101 S.Ct. 2728, 2735].)

Affirmed.

Rouse, J., and Miller, J., concurred.